PORTER v. WATERS-ALLEN, ETC., CO.

(*Nashville.*    February 2, 1895.) .

MASTER AND SERVANT.    *Master's liability for injury to fellow-servant.*

An employe does not, by voluntarily engaging in labor with con-
victs in his master's employ, release the latter from liability for
injuries sustained by him in consequence of the negligent and
reckless act of his convict fellow-servant, where the master
failed to exercise the requisite care in employing and retain-
ing the convicts.

Cases cited and approved: Iron Co. v. Dobson, 7 Lea, 373; 107 U.
S., 454.

FROM DAVIDSON.

Appeal from Circuit Court of Davidson County.
N. D. MALONE, Sp. J.

MATT. W. ALLEN for Porter.

STOKES & STOKES for Machine Works.

CALDWELL, J.   Richard Porter brought this ac-
tion against the Waters-Allen Foundry & Machine
Company to recover $5,000 as damages for personal
injuries claimed to have been received by him while
engaged in its service.   Verdict and judgment were
rendered in favor of the defendant, and the plain-
tiff appealed in error.

Porter *v.* Waters-Allen, etc., Co.

The gravamen of the action is that the defendant wrongfully, negligently, and without proper instructions, took the plaintiff from the safe position in its foundry in which he had contracted and was accustomed to serve, and required him to perform the dangerous labor of a moulder, with which he was not familiar; and that, in the latter employment, the defendant wrongfully and negligently associated him with incompetent, negligent, and reckless convicts, whose misconduct, in the course of their joint labor, and without any fault on plaintiff's part, caused the injuries of which he complains.

On the question of improper association with unsuitable fellow-servants, the trial Judge charged the jury, among other things, as follows: "If you find from the evidence that plaintiff voluntarily went with defendant to the prison works, knowing he would be associated with convicts, or, after reaching there, found out he was to work with them, then he would be held to have assumed the risks of such employment, and cannot recover; or, if you find he knew, or by reasonable diligence could have known, that his waiters were incompetent, and continued to work with them without complaint to the master, and a promise to supply a better one, then he assumed that risk, and cannot recover."

This instruction, though embraced in a single sentence, contains two separate and independent propositions, either of which, if established, would inevita-

bly defeat the plaintiff's action. The first proposition is fatally erroneous, in that it makes the plaintiff's right of recovery depend exclusively upon the single question as to whether or not he voluntarily engaged in labor with convicts, without reference to the care or want of care exercised by the defendant in employing the convicts. It may well be said that the plaintiff assumed all responsibility for his association with convicts, as such, if he voluntarily entered into the defendant's service with them, but he did not thereby release the defendant from liability for any injuries that he might sustain in consequence of any failure on the part of the defendant to use the requisite caution in employing and retaining the convicts in its service. It is plain and familiar law, that the master shall exercise reasonable care in the selection and retention of his servants; and that he shall not associate one of them with another, or others, whom he knows, or, by reasonable care, could know, to be incompetent. Wood's Master and Servant (2d Ed.), Secs. 417, 418; 2 Thompson on Negligence, p. 974, Sec. 4; 7 Am. and Eng. Ency. Law, pp. 844, 848; *Iron Co.* v. *Dodson*, 7 Lea, 373; *Wabash Ry. Co.* v. *McDaniels*, 107 U. S., 454.

The duty of the master in this respect is affirmative and positive; and it is the same whether all of those employed be free laborers, or part of them be free and part convict, as in the present case. The same reasons for the rule exist in both

cases. The defendant owed the plaintiff that duty, notwithstanding the fact that he may have agreed, voluntarily, to work with convicts; and the jury should have been so instructed. The error indicated was not corrected, nor was its hurtful influence diminished by other portions of the charge. Though the jury might have found every other question in the case in favor of the plaintiff, they were compelled to return their verdict against him if they found that he voluntarily worked with convicts.

Reverse and remand for a new trial.